IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AAA AUTOGLASS, INC., | )<br>) |
| Plaintiff, | )<br>) |
| | ) NO. 3:21-cv-00913 |
| v. | )<br>) |
| | ) JUDGE CAMPBELL |
| ANDREW SCHARBACH, | ) MAGISTRATE JUDGE FRENSLEY |
| Individually and d/b/a Tennessee | ) |
| Valley Glass, | )<br>) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff's Motion to Remand. (Doc. No. 11). Defendant filed a Response in opposition. (Doc. No. 14). For the reasons stated herein, the motion is **GRANTED**.

**I.    PROCEDURAL BACKGROUND**

Plaintiff AAA Autoglass, Inc. ("AAA") filed suit against Defendant Andrew Scharbach in Sumner County Chancery Court in November 2021, alleging breach of contract, violations of the Tennessee Trade Secrets Act, and tortious interference with contractual relationships. (Doc. No. 1-1). Defendant removed this case from Sumner County Chancery Court on December 9, 2021, invoking federal question jurisdiction as grounds for removal. (Doc. No. 1). Plaintiff timely filed its motion to remand on the grounds that the Court lacks subject matter jurisdiction.

**II.    LAW AND ANALYSIS**

**A. Remand**

A defendant may remove a civil action from state court to federal district court if the district court would have had subject matter jurisdiction had the case originally been filed there. 28 U.S.C. §1441. The burden of showing that removal is proper falls on the defendant as the removing party.

1

*Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989). If, after removal, the Court determines that it lacks subject matter jurisdiction, "the case shall be remanded." 28 U.S.C. §1447(c).

Here, defendant argues that this Court has federal question jurisdiction under 28 U.S.C. §1331. "Federal courts use the well-pleaded complaint rule to determine arising under jurisdiction." *Loftis v. United Parcel Service, Inc.*, 342 F.3d 509, 514 (6th Cir. 2003) (internal quotations omitted). The well-pleaded complaint rule provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* (internal quotations omitted). It is well settled that the plaintiff is the "master of his complaint, and the fact that the wrong asserted could be addressed under either state or federal law does not ordinarily diminish the plaintiff's right to choose a state law cause of action." *Id.* (*quoting Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 943 (6th Cir. 1994).

Defendant argues that this case is appropriate for removal because the contract between the parties incorporates and is governed by the Defend Trade Secrets Act ("DTSA"). As indicated by Defendant, the contract contains the provision "This Agreement is in compliance with the Defend Trade Secrets Act…" (Doc. No. 14 at 4). Defendant asserts that because the agreement contains this provision and because the complaint alleges the misappropriation of trade secrets, the Court has subject matter jurisdiction over the misappropriation claims under the DTSA and over the remaining claims via supplemental jurisdiction. (*Id*. at 8).

"Generally, a state law claim cannot be 'recharacterized' as a federal claim for purposes of removal." *Loftis*, 342 F.3d at 515. This is precisely what Defendant is attempting to do. Plaintiff's complaint alleges violations of state law, not federal law, and Plaintiff is well within its rights to decide to pursue state law violations in state court even if it could have sought relief in federal court for violations of a parallel federal law. On this topic, the Sixth Circuit has opined that "[the

2

plaintiff's] freedom to choose state law in this manner would be significantly undermined by a rule that granted defendants the freedom to safely second guess a plaintiff's decision and remove to federal court on the basis of claims that could have been pled, but were not." *Warthman v. Genoa Township Bd. Of Trustees*, 549 F.3d 1055 (6th Cir. 2008).

Further, Defendant's argument that the lawsuit implicates a substantial question of federal law is without merit. "[A] substantial federal question involves the interpretation of a federal statute that actually is in dispute in the litigation and is so important that it sensibly belongs in federal court." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 552 (6th Cir. 2006) (internal quotations omitted). Following that guidance, the case before the Court clearly does not present a substantial federal question. This is not one of those cases in which "federal issues [are] embedded in state-law claims between non-diverse parties." *Id*. (*quoting Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312 (2005)). Plaintiff alleges violations of the Tennessee Trade Secrets Act, breach of contract, and tortious interference with contract. Notwithstanding a single reference to compliance with federal law in the employment contract, there is nothing here to properly invoke the jurisdiction of this Court.

For these reasons, Plaintiff's Motion to remand this case is **GRANTED**.

**B. Costs and Fees**

Plaintiff also moves the Court for attorney fees and costs incurred while securing the remand of this action. 28 U.S.C. § 1447(c) provides, in relevant part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." The Supreme Court has advised that "the standard for awarding fees should turn on the reasonableness of removal." *Martin v. Franklin Capital Corp.*, 546 U.S.

3

132, 141 (2005). The Court goes on to instruct that attorney fees should be awarded "only where the removing party lacked an objectively reasonable basis for seeking removal." *Id*.

Defendant argues that he had an objectively reasonable basis for removal. The Court, having reviewed and rejected Defendant's arguments for removal, disagrees. *See Warthman*, 549 F.3d at 1046 (finding that removal based on a passing reference to the U.S. Constitution in the complaint was not objectively reasonable). Here, Defendant based his removal on a passing reference to federal law in the employment contract. Following the guidance in *Warthman*, the Court cannot find an objectively reasonable basis for removal. Accordingly, Plaintiff's request for attorney fees and costs is **GRANTED**.

### III. CONCLUSION

For the reasons stated herein, the Motion to Remand (Doc. No. 11) is **GRANTED**. This case is **REMANDED** to Sumner County Chancery Court. The Clerk is directed to close the file.

Plaintiff is awarded attorney fees and costs incurred in securing remand pursuant to 28 U.S.C §1447(c). On or before January 19, 2022, Plaintiff shall file a Notice for the Court's approval, detailing the costs and fees incurred in securing the remand of the action.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE